IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Crim. No. 02-11 Erie |
| | ) | (Civil Nos. 05-333 Erie & 06-268 Erie) |
| JAMES C. CARTER | ) | |
| | ) | |

## Opinion and Order

Before the Court is Petitioner James C. Carter's *pro se* Motion to Vacate, Set Aside or

Correct Sentence pursuant to 28 U.S.C. § 2255 filed at Criminal No. 02-11 Erie, and assigned Civil

Numbers 05-333 Erie and 06-268 Erie.

### *Background*

On October 15, 2002, Mr. Carter plead guilty to one count of distribution of less than five

grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  He was sentenced by

this Court on February 3, 2003, to a term of imprisonment of 151 months' imprisonment to be

served concurrently with any state term of imprisonment imposed for violating his state parole.

(Doc. 26.)  Mr. Carter timely appealed his sentence on February 7, 2003.  (Doc. 27.)

While his appeal was pending, Mr. Carter sent a letter to the Court dated February 19, 2003,

entitled "Petition for Sentence Modification."  (Attached as Appendix A to Order, March 17, 2003,

Doc. 33.)  In this Petition, Mr. Carter alleged without explanation that his counsel was ineffective,

and he also requested that his petition be "retracted" if it interferes with an appeal of his sentence.

Since Mr. Carter's appeal was currently pending we were without jurisdiction to entertain his

petition and thus denied his petition.  (Order, March 17, 2003, Doc. 33.)

On appeal, Mr. Carter argued that the District Court failed to rule on his argument at

sentencing that the career offender guideline over-represented the seriousness of his criminal history,

under U.S.S.G. § 4A1.3.  The Third Circuit Court disagreed and affirmed the judgment and sentence

on November 5, 2003. <u>United States v. Carter</u>, 80 Fed.Appx. 253 (3d Cir. 2003). Mr. Carter's writ of certiorari in the Supreme Court of the United States was denied on December 13, 2004, 543 U.S. 898 (2004), and his petition for rehearing in the Supreme Court was also denied, 543 U.S. 1040 (2004).

On February 25, 2005, Mr. Carter filed a Notice of Appeal (Doc. 37) with the Third Circuit purporting to appeal from our Order of March 17, 2003, denying his Petition for Sentence Modification. The Third Circuit dismissed the appeal as untimely on May 17, 2005. (Doc. 39).

Mr. Carter then filed a "Motion for Transcription of Proceedings and Production of Documents and Orders Authenticated Per F.R.C.P., Rule #44 For Appeal Purposes," (duplicates filed at Docs. 40 & 41). In his motion, Mr. Carter requested transcripts of his change of plea and sentence hearings. He also requested authenticated copies of various pleadings identified in the docket, orders and documents issued by the Court of Appeals for the Third Circuit relating to Mr. Carter's appeal, and one letter from Mr. Carter's attorney notifying Mr. Carter of the opinion affirming the judgment with regard to Mr. Carter's case. We noted that there was no valid basis for Mr. Carter's requests and in light of Mr. Carter's prior appeals we found his motion for transcription and authentication frivolous, and thus denied his motion on July 26, 2005. (Doc. 42.)

Mr. Carter promptly appealed the denial of his motion on August 15, 2005. (Notice of Appeal, Doc. 43.) On November 9, 2005, the United States Court of Appeals for the Third Circuit issued an Order (1) denying the Notice of Appeal to the extent it could be construed as an appeal of Mr. Carter's judgment of sentence entered on February 3, 2003, as being untimely; (2) summarily affirming the Court's Order dated July 26, 2005, to the extent his Notice of Appeal was an appeal of that Order denying his motion for transcription and authentication; and (3) to the extent Mr. Carter was attempting to file a motion to vacate, set aside, or correct sentence, the Third Circuit Court transferred the motion back to this Court for further proceedings,

After the Court of Appeals transferred Mr. Carter's Notice of Appeal (Doc. 43) to this Court to be treated as a motion pursuant to 28 U.S.C.. § 2255, Mr. Carter's Notice of Appeal was docketed in this Court as a Motion to Vacate (Doc. 49).  Mr. Carter's Notice of Appeal/Motion to Vacate is brief, stating as follows:

> APPELLANT'S NOTICE OF APPEAL
> AND
> Motion to Withdraw Guilty Plea
> WITH COURT VACATING SENTENCE
> Imposed 2/3/03 FOR VIOLATION OF
> PLEA AGREEMENT THROUGH U.S. ATTORNEY GENERAL
> AND NEW SENTENCE IMPOSED IN
> ACCORDANCE WITH ORIGINAL PLEA
> TENDERED BY COUNSEL OF 57-71 MONTHS OR NEW TRIAL

(Docs. 43 & 49.)  In addition, after his appeal was filed but before the Third Circuit ruled Mr. Carter filed a Motion to Produce Transcripts (Doc. 45), in which he requested copies of all of his transcripts, as well as other documents, in order to assist him in seeking the "withdrawal of his coerced guilty plea and to be re-sentenced to Original Plea Agreement Or Granted New Trial." (Doc. 45.)

Based on these pleadings we viewed Mr. Carter's "Motion to Vacate" as comprising claims that he should be permitted to withdraw his guilty plea based on a violation of the plea agreement in that he was not sentenced within the agreed-to range of imprisonment of 57 to 71 months.  Mr. Carter had not added any facts or arguments to support his claims.

We thus issued a Notice to Mr. Carter pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising him that the Court was treating his Notice of Appeal (Doc. 43), along with his Motion to Produce Transcripts (Doc. 45), as a petition brought under 28 U.S.C. § 2255.  (Doc. 50.) He was further directed to notify the Court within thirty (30) days, in writing, whether he chose to (1) withdraw his petition and file one new petition for relief under Section 2255, (2) amend the pending petition with additional claims or materials; or (3) have the petition ruled on as filed. Mr. Carter did not respond to this notice.

3

On January 26, 2006, the government filed a response to the Motion to Vacate. (Doc. 52.) Thereafter, on November 17, 2006, Mr. Carter purported to file a new Motion to Vacate (Doc. 53), which was assigned Civil Action No. 06-268 Erie. In this pleading, Mr. Carter belatedly attempts to set forth his argument that his sentence was imposed in violation of the terms of his plea agreement and he also purports to assert a new claim of ineffectiveness of counsel. In this new motion, Mr. Carter explicitly states that he entered into an agreement with the Assistant United States Attorney that Mr. Carter would be sentenced to a term of imprisonment within the range of 57 to 71 months. The remainder of his argument is his new claim that his sentence was unlawfully enhanced in violation of 21 U.S.C. § 851's requirement that the government properly file notice that it intends to seek a section 851 sentence enhancement. Finally, Mr. Carter alleges that his counsel was ineffective for failing to ensure that Mr. Carter was in fact sentenced to a term of imprisonment in the range of 57 to 71 months as allegedly set forth in the parties' plea agreement.

### *Evidentiary Hearing*

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

## I. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916.

4

Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

## II. Discussion

The government rightly points out that Mr. Carter presents a vague and conclusory allegation that he is entitled to withdraw his guilty plea. He has failed to provide any factual basis to support his claim or explain how his plea was violated or his guilty plea coerced. As such, Mr. Carter's motion to vacate is subject to summary dismissal. United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("vague and conclusory allegations contained in a §2255 petition may be disposed of without further investigation"); United States v. Dawson, 857 F.2d 923, 928 (3d Cir.1988). This is especially so where Mr. Carter was given the opportunity to amend or add to his motion to vacate, but failed to do so in a timely manner.

In addition, the government correctly argues that because Mr. Carter could have raised claims challenging his guilty plea on direct review, but did not, such claims are procedurally barred. Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998).

Finally, the government accurately notes that Mr. Carter's claim is frivolous since the record in this case "indicates no problems whatsoever with Carter's guilty plea,"and at "no time did Carter indicate any hesitation in pleading guilty or that his plea was involuntary or coerced." (Response to Motion to Vacate, at 8.)

We agree and will dismiss Mr. Carter's motion to vacate because (1) it is vague an conclusory; (2) his claims are procedurally barred; and (3) his claims are frivolous. In addition, we dismiss his motion to vacate filed at Civil No. 06-268 Erie as untimely, procedurally barred, and frivolous.

This case has a somewhat confused post-sentence procedural history that the Court may have partly contributed to as follows. In our order denying Mr. Carter's unfiled February 19, 2003 "Petition for Modification of Sentence,"we effectively recognized that to rule on the Petition would interfere with Mr. Carter's appeal. We were without jurisdiction to rule on such a motion, and perhaps we should have indicated to Mr. Carter that he could raise the issue in his appeal. Mr. Carter did not raise the issue, which is not surprising given that Mr. Carter was represented on appeal by his trial counsel who no doubt had no idea that Mr. Carter wanted to allege ineffectiveness of counsel. However, our ruling may have inadvertently suggested to Mr. Carter that his claim of ineffectiveness would be addressed sometime after his appeal concluded.

Following his unsuccessful appeal, Mr. Carter either filed notices of appeal or motions for pleadings that hinted at his complaint about his guilty plea and subsequent sentence when he should have filed a motion to vacate. Ultimately the Third Circuit Court directed that Mr. Carter's "Appeal" become a motion to vacate, because if Mr. Carter had a remedy it was to be found in the District Court through a motion to vacate. Thus, Mr. Carter's Notice of Appeal was separately docketed in this Court as a motion to vacate. We also considered Mr. Carter's motion for transcription and authentication to be a part of his court-filed motion to vacate, but we did not file a new docket entry to reflect that this motion was now part of his motion to vacate.

Under these circumstances it is not unreasonable that Mr. Carter may have believed that this Court had jurisdiction of his claims that his counsel was ineffective, that he wanted to withdraw his guilty plea because it was violated by a sentence in excess of what the parties had agreed to, and that he wanted to be re-sentenced to what he claims he originally bargained for, namely a sentence of

imprisonment in the range of 57-71 months. In light of this history we will now explain why Mr. Carter's claims have no merit.

A review of Mr. Carter's plea agreement as well as the transcript of the plea proceedings in fact show that there was no agreement that Mr. Carter's sentence would be in the range of 57 to 71 months. The only reference to a possible sentence mentioned in his plea agreement concerned the parties' understanding and agreement that the maximum penalty that may be imposed is a term of imprisonment of not more than 20 years. (Plea Agreement, at ¶C.1.(a), attached as Government Ex. 1, to Plea Hearing Memo (Doc. 28.)) In addition, the Court informed Mr. Carter during his plea colloquy that he faced a statutory penalty of a term of imprisonment of not more than 20 years. (Tr. of Proceedings, Oct.15, 2002, at 9.)

Mr. Carter had the opportunity, and duty, to inform the Court that his understanding was that he had agreed with the prosecutor that his sentence would be in the range of 57 to 71 months, during his plea colloquy and his sentence hearing, but he failed to do so. We informed Mr. Carter that his sentence "might be different from what either your attorney or the United States Attorney predicted," and that "any recommendation or sentence that might have been agreed to by your lawyer and the prosecution, or any agreement by the government not to oppose your attorney's requested sentence, is not binding on me, and you might, on the basis of your guilty plea, receive *up to the maximum sentence permitted by law*." (Tr. of Proceedings, Oct. 15, 2002, at 10 & 13 (emphasis added).) Moreover, there is no indication anywhere in the record that Mr. Carter's plea was not voluntary or was coerced. Thus, we find that any claims by Mr. Carter that his plea agreement was violated or that his guilty plea was not voluntary are frivolous, and such claims are denied.

In light of the absence of any factual support to his claims we agree with the government when it noted that Mr. Carter "is merely bemoaning his career offender sentence." (Response to Motion to Vacate, at 8.) Mr. Carter revisits this subject in more detail in his belatedly filed "motion

7

to vacate," to which he attempts to add a claim of ineffectiveness of counsel.  To the extent that Mr.
Carter's claims are new they are denied as untimely, and they also fail on the merits.

Mr. Carter appears to be claiming that the career offender provision was unlawfully applied
at sentencing because the government failed to provide the required notice under 21 U.S.C. § 851
that it was seeking to enhance his sentence.  Mr. Carter is correct that the government did not file a
notice under 21 U.S.C. § 851, but this fact has no impact on application of the career offender
provision.  The implied (and mistaken) premise in Mr. Carter's argument is that application of the
4B1.1 career offender provision is either an upward departure or a sentence enhancement for having
a prior felony drug conviction.  It is neither.

Because Mr. Carter was found to be a career offender pursuant to U.S.S.G. § 4B1.1, his
criminal history category was raised from Category IV to Category VI, and his offense level, after
adjusting three-levels for timely acceptance of responsibility, was 29.  Thus, with a criminal history
category of VI, and an offense level of 29, Mr. Carter was facing a guideline range of imprisonment
of 151 to 188 months.   Without the career offender determination, Mr. Carter would have been
facing a range of 57-71 months' imprisonment.

There is a difference between a section 851 upward departure or enhancement based on prior
drug convictions on one hand, and application of the 4B1.1 career offender provisions on the other
hand.  Mr. Carter was *determined* to be a career offender under section 4B1.1 of the Guideline, in
that the court *found* that he had previously been convicted of two prior felony controlled substances
offenses as set forth in the Presentence Report.  The government was not required to notify Mr.
Carter that he may be determined to be a career offender.  The determination of career offender
status is a guideline calculation.  The fact that he was a career offender resulted in a higher guideline
range for Mr. Carter than he would have faced had he not been found to be a career offender.  Mr.
Carter does not disagree with this determination and does not argue that the career offender category
was wrongly calculated, though he did argue at sentencing that the career offender status over-
represented the seriousness of his criminal history.

Section 4B1.1(b) of the Guidelines sets forth a table to determine the Offense Level for a defendant determined to be a career offender.  In general, the appropriate offense level is determined by finding the *statutory* maximum penalty the defendant faces, and assigning the corresponding offense level set forth in section 4B1.1(b).  In Mr. Carter's case, the statutory maximum he faced was twenty years, resulting in an offense level of 32, which was reduced by 3 levels to an offense level of 29..

In contrast, the government did not seek an *enhanced* penalty based on prior drug convictions pursuant to 21 U.S.C. § 851.  A career offender naturally faces a higher guideline range than one who is not a career offender under the same circumstances, but career offender status is not an enhancement seeking imposition of a penalty beyond the statutory maximum, as is the increased punishment provided for under section 851.

The effect of seeking a section 851 enhancement is to "enhance" the *statutory maximum penalty* the defendant is facing, and the government must provide notice to the defendant that it is seeking such an enhancement.  In Mr. Carter's case, the enhanced statutory maximum was thirty years.  The corresponding offense level for such an enhanced statutory maximum for a defendant determined to be a career offender is 34.  After applying a three-level reduction, Mr. Carter would have had an offense level of 31 with a corresponding *enhanced* guideline sentence range of 188 to 235 months' imprisonment.  As noted, the government did not seek such an enhancement, and none was applied.

Instead, Mr. Carter faced a range of imprisonment of 151 to 188 months, which even at his highest level is below the statutory maximum penalty of twenty years.  An upward departure from this range would have occurred if the Court imposed a sentence that exceeded 188 months of imprisonment.  But the government did not move for an upward departure from the guideline range and Mr. Carter was sentenced within his guideline range.  Thus, there is no factual basis to support Mr. Carter's claim that his sentence was erroneously imposed.

9

Mr. Carter's related claim of ineffectiveness of counsel is also meritless as it is solely based on his unfounded argument that his sentence was improperly enhanced without proper notice pursuant to 21 U.S.C. § 851.

## III. Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Mr. Carter's motion to vacate. In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, we find that jurists of reason would not find it debatable whether Mr. Carter states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in our procedural ruling that his motion was procedurally barred. Accordingly, a certificate of appealability will not be issued with respect to Petitioner's motion to vacate.

## IV. Conclusion

Mr. Carter's section 2255 motion to vacate will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this ___8ᵗʰ___ day of February, 2007, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docs. 49, 43, and Appendix A to Doc. 33), and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 53) be and hereby are DENIED.

10

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's instant Order denying Mr. Carter's § 2255 Motions because, for the reasons set forth in the Opinion accompanying this Order which addresses his § 2255 Motions, Mr. Carter has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").


_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge



cc:     James C. Carter, *pro se*

        Assistant United States Attorney (by electronic mail)

11